HUTER v. GALLAGHER AND OTHERS.

JUNE TERM
1836.

Huuter
v.
Gallagher and
others.

1. In chancery. A. sold his interest as heir to a tract of land to B. who sold to complt. A. afterwards sold the same interest to C. who purchased with full knowledge of the previous sale, and refused to make the necessary deeds to B. though requested to do so by B.— Bill prays, that A. may be compelled to convey to B. or complt. and that the deed from A. to C. may be cancelled. A., B. and C. were made defs. to the bill but the subpoena was not served on B.

2. Held, that A. and C. should be made to answer—that B. should be brought in by an alias subpoena or publication, and that complainant should ask a decree of title to himself.

IN chancery.—Appeal from the circuit court of Washington county.

P. COLE for appellant.

Gallagher, sold his interest as an heir in the land, and covenanted nothing beyond that, but had he sold an estate in fee, when the facts of the cause shewn, he had no such title, yet a specific performance should be decreed, because the vendor may have the means of curing the defect. In the cases in the margin, the court held that when the title is bad, but the defect can be cured, if the vendee is unwilling to stay, the vendor should file a bill in equity, to enforce the performance of the contract. The court also, when a vendor could not make a title, has indulged heirs more than once for getting in the title. The complainant therefore does not ask the court to decree, to be done in this behalf, what cannot be done, because it were fruitless to do so; but to compel the defendants, to the performance of the contract between Gallagher and Haverstick, which they can very well perform. Again; McCabe, subsequently to the sale to Haverstick, bought the same land of Gallagher with perfect notice of the first sale. In such case, the subsequent purchaser, is considered as purchasing subject to the equity title of the plaintiff, under the agreement, and will be decreed to specifically perform the contract. Sugden says that it may be laid down as a general rule, that a purchaser with notice, is in equity bound to the same extent, and in the same manner as the person was of whom he purchased.

Jinkens v. Hill, 6 sec. p. 655. Mallock v. Buller, 10 sec. 315. Stormont v. Moore 2 P. W. Mis. 631. Rector v. Price, 1 M. R. 377.

Wadsworth v. Wendell, 5 J. C. R. 224. Sugden on Ven. 527. 2 Mad. Chy. 329.

Opinion delivered by WASH, Judge.

Hunter filed his bill of complaint against the appellees in the Washington circuit court. The bill states, that as early as the year 1803, one Joseph Reed, in virtue of the usages of the then Spanish Government, obtained an inchoate title to a tract of land situate in Washington

Statement of the case.

In chancery. A. sold his interest in

JUNE TERM
1836.

Hunter
v.
Gallagher and
others.

a tract of land to
B. who sold to
cumplt. A. after-
wards sold the
same interest to C.
who purchased
with full knowl-
edge of the pre-
vious sale, and re-
fused to make the
necessary deeds
to B. though re-
quested to do so
by B. Bill prays,
that A. may be
compelled to con-
vey to B. or com-
plainant, and that
the deed from A.
to C. may be can-
celled.—A. B. and
C. were made de-
fendants to the
bill, but the sub-
poena was not
served on B.

county aforesaid, containing 640 acres—that said tract of
land, had been recommended by the late board of com-
missioners, for the adjustment of land titles in Missouri, to
the Congress of the United States, for final confirmation.
That about the year 1820, said Reed sold his title or in-
terest in said land to one David Gallagher, who took pos-
session thereof, and remained in possession under his pur-
chase aforesaid, until his death, which occurred about the
year 1825. That said David Gallagher died intestate,
leaving a widow and nine children. That no administra-
tion has ever been granted upon the estate of said Galla-
gher &c. That on or about the 21st of February 1835,
James Gallagher, the defendant and one of the appellees,
who is one of the nine children and heirs at law of the said
David, sold his interest in said tract of land for a valuable
consideration, to the defendant Jacob Haverstick, who
afterwards, on or about the 6th of July 1835, sold and
assigned the interest and title thus acquired to the com-
plainant Hunter, for a valuable consideration. That on
or about the 21st of March 1835, and after the said James
Gallagher had sold to Haverstick as aforesaid, he the said
James, again sold the interest held by him in said tract of
land, to the deft. McCabe—that McCabe at the time of
his purchase, had notice of the previous sale to Haver-
stick. The bill makes exhibit of the title bonds, eviden-
cing the sales from Reed to David Gallagher, from James
Gallagher to Haverstick, and from Haverstick to the
complainant; as also, of the conveyance of James Galla-
gher to McCabe. The bill then proceeds to state, that
about the month of March 1835, said Haverstick the
defendant, had demanded a deed of conveyance from
said defendant James Gallagher, of his, said James, inter-
est in and to the said tract of land, purchased of said
James as aforesaid, which deed, said James the defendant,
refused to give &c. The complainant then proceeds in
his bill to ask a specific performance of the contract
made by Haverstick with James Gallagher—that the
deed from James Gallagher to McCabe, be cancelled, and
that the defendant James, be compelled to convey either
to Haverstick or to the complainant &c. The subpoena
was served upon the defendants Gallagher and McCabe
only, the defendant Haverstick, not having been found
by the Sheriff.

Held, that A. and
C. should be made
to answer—that
B. should be
brought in by an
alias subpoena or

Gallagher and McCabe demurred generally to the bill
for want of equity, and had judgment, to reverse which,
Hunter has appealed to this court.

The circut court erred in dismissing the bill as to the

defendants James Gallahger and McCabe. The bill shows equity enough as against them, and they should be made to answer; but the complainant had no right to ask that the title be mnde to Haverstick. Haverstick ought to have been brought in by an alias subpoena or by publication. The decree of the circuit court must be reversed, and the cause remanded, with leave to complainant, to have the proper parties brought in, and to ask a decree of the title to himself.